UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOILA MARGARITA ANDRADE ALVARADO (A-241-115-069),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br><br>Respondents. | No. 1:26-cv-05230 DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Zoila Margarita Andrade Alvarado (A-241-115-069), a noncitizen, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On July 15, 2026, the district court denied petitioner's motion for a temporary restraining order and referred the matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner filed a verified habeas petition. (ECF No. 1 at 13.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION

On July 7, 2026, petitioner filed her habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On July 9, 2026, the district court ordered respondents to file a response to petitioner's motion for a temporary restraining order. (ECF No. 5.) On July 13, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 6.) Petitioner filed a second motion for a temporary restraining order and request to stay transfer on July 14, 2026. (ECF No. 7.) On July 15, 2026, the district court denied petitioner's motions for a temporary restraining order and request to stay transfer. (ECF No. 8.) The district court found that "Petitioner has not presently established a likelihood of success on the merits such that the Court can grant preliminary injunctive relief" where petitioner has not identified a legal basis for the relief requested. (Id. at 1-2.) The district court explained:

> Notably, Petitioner received a bond hearing before an Immigration Judge where release was denied based on a finding of danger. Petitioner does not challenge that detention decision here. While the Court is sympathetic to the challenges Petitioner's present detention causes in obtaining the requisite medical examination, Petitioner has not presently established that she has any legal entitlement to release

> or transport to receive that examination, and thus cannot establish a likelihood of success on the merits. This similarly extends to Petitioner's new request that the Court issue an order staying Petitioner's transfer. Given the Court cannot presently find that Petitioner has a likelihood on the underlying request, this Motion must also be denied.

(Id. at 2.) The district court referred this matter to the assigned magistrate judge for further proceedings. (Id.)

On July 24, 2026, respondents filed a response to the petition and petitioner filed a reply on July 31, 2026. (ECF Nos. 10, 11.) On October 7, 2026, petitioner filed a status report regarding her immigration proceedings providing the following update: October 5, 2026, an immigration judge issued an order granting petitioner's Form I-485 Application to Register Permanent Residence or Adjust Status; and the time period for the government to file an appeal with the Board of Immigration Appeals is on or before November 4, 2026. (See ECF No. 13.) Briefing is complete. (See Docket.)

In the merits briefing, petitioner advances the same arguments already rejected by the district court regarding respondents' refusal to permit petitioner to attend a medical examination.[2] (See ECF No. 11.) Therefore, this Court recommends that the petition for writ of habeas corpus be denied based on a finding that petitioner has not established a legal basis for the relief requested. (See ECF No. 8.)

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

---

[2] Petitioner's update regarding the status of her adjustment of status application (ECF No. 13) does not materially affect this Court's analysis of the habeas petition, though the Court notes that this status update suggests that petitioner was permitted to attend her medical examination where petitioner previously stated that she was required to attend a medical examination to complete her adjustment of status application (see ECF No. 1 at 5.).

the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/alva.5230.26.frs.